Argued October 31, affirmed November 13, 1963

# PETERS *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

386 P. 2d 800

*Gerald C. Knapp,* Assistant Attorney General, Portland, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, and Ray H. Lafky, Assistant Attorney General, Salem.

*Berkeley Lent,* Portland, argued the cause for re-

spondent. On the brief were Peterson, Lent & Paulson, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, DENECKE and LUSK, Justices.

### ROSSMAN, J.

This is an appeal by the defendant, State Industrial Accident Commission, from an order of the circuit court which sustained the plaintiff's motion for a new trial and thereby vacated a judgment previously entered by the court in the defendant's favor. The vacated judgment was based upon a jury's verdict. The plaintiff is a workman who sustained an injury while working for an employer who was subject to the act administered by the defendant commission.

The single assignment of error submitted by the defendant-appellant reads: "The court erred in granting plaintiff's motion for new trial."

In a prior proceeding instituted by the plaintiff he had established his right to receive from the defendant commission compensation for an injury that had befallen him. Still later he filed an Application for Increased Compensation on Account of Aggravation. The application was denied and thereupon the plaintiff appealed to the circuit court. The appeal to that court eventually led to the order which is now under consideration.

From the order of the circuit court which granted a new trial we quote the following:

"For the foregoing reasons, the Court believes that the plaintiff was not afforded a fair trial, and that a new trial should be ordered. Furthermore, during the time that the jury was deliberating, the jurors sought to ask a question of the

Court through the bailiff. It happened at that time that this Judge was in the corridor, and the bailiff relayed to the Court the question the jurors had which related to whether or not the plaintiff was receiving some compensation. The Court answered through the bailiff to the effect that compensation had been granted, and that they had heard the evidence thereof. The exact words were probably different than this, but the general meaning intended to be conveyed by the Court was as set forth. The answer was, and was intended to be, innocuous and to avoid the necessity of calling back counsel, who were not present in the court house, for further proceedings. If the jurors placed a particular meaning which could be different than they would draw from the evidence heard in the case upon the answer given, it was merely further evidence of their apparent confusion with reference to the whole case."

ORS 17.325 states:

"After the jury have retired for deliberation, if they desire to be informed of any point of law arising in the case, they may require the officer having them in charge to conduct them into court. Upon their being brought into court, the information required shall be given in the presence of, or after notice to the parties or their attorneys."

The court room is, therefore, the place for the trial judge to give his instructions to the jury.

ORS 17.305, in referring to the bailiff, states:

"* * * He must not suffer any communication to be made to them, nor make any himself, unless by the order of the court, except to ask them if they have agreed upon their verdict * * *."

We believe that the procedure employed in this case, as revealed by the order from which we quoted, was in violation of the two above sections of our code.

*Carson v. Brauer,* 234 Or 333, 382 P2d 79, and *State v. Kristich,* 226 Or 240, 359 P2d 1106. A statement made to the jury by the trial judge that the plaintiff is receiving compensation—whether the information comes from the judge's own knowledge or is merely reiterative by him of a witness's testimony—is upon a material issue in the case.

The order granting the new trial is affirmed.