Argued September 8, reversed and remanded November 12, 1976

HUNTLEY, *Appellant,*

*v.*

REED, *Respondent.*

556 P2d 122

*Walter D. Nunley,* Medford, argued the cause for appellant. With him on the briefs was Grant, Ferguson and Carter, Medford.

*William V. Deatherage,* of Frohnmayer and Deatherage, Medford, argued the cause for respondent. With him on the brief was James L. Sutherland, Medford.

Before Denecke, Chief Justice, and O'Connell, Holman, Tongue, Howell, Bryson, and Lent, Justices.

HOLMAN, J.

## HOLMAN, J.

This is an action for damages alleged to have resulted from defendant's medical malpractice. Plaintiff appeals from a judgment for defendant based upon a jury verdict.

Defendant operated upon plaintiff for the removal of a cataract. There followed intermittent hemorrhaging, with bleeding into the anterior chamber of the eye, which subsequently necessitated the removal of the eyeball.

The first assignment of error we consider involves an instruction given to the jury out of the presence of and without any notice to counsel and of which no record was made. During its deliberation the jury sent a written inquiry to the judge via the bailiff which the trial judge answered in writing. No court reporter was present and no record was made, nor were the written question and answer retained. The trial judge's subsequent recollection was as follows:

> "* * * I do not recall the exact words of the question, but it was in substance . . . 'If nine of our number agreed on negligence, must the same nine agree that the negligence was the cause?' My response to the question was that before the defendant could be found liable, nine or more of their number must find that the defendant was negligent on at least one allegation, and that any negligence found was the cause of the injury."

Plaintiff filed a motion to examine the foreman and one other juror concerning the contents of the question and answer, which motion was not granted. He also filed a motion for a mistrial and/or a new trial and, on the basis that no prejudice had occurred, this motion was denied. The giving of the instruction in the above-described manner was in direct violation of ORS 17.325, which is as follows:

> "Return of jury for information on law. After the jury have retired for deliberation, if they desire to be informed of any point of law arising in the case, they may require the officer having them in charge to conduct

[ 593 ]

them into court. Upon their being brought into court, the information required shall be given in the presence of, or after notice to the parties or their attorneys."

In *Peters v. S.I.A.C.,* 236 Or 27, 386 P2d 800 (1963), a similar instance occurred and this court, on the basis of the above statute, affirmed an order of the trial court granting a new trial. In another similar situation, the court said, "[w]hile we are not prepared to say that such violation would in every case be grounds for granting a new trial, it does lend weight to the trial judge's determination that the rights of the defendants were prejudiced." *Young v. Crown Zellerbach,* 244 Or 251, 258, 417 P2d 394 (1966). In *Oien v. Bourassa,* 221 Or 359, 370, 351 P2d 703 (1960), this court held that the purpose of the statute was "to enable a party to preserve a record of the rulings made by the trial court." In *Grammer v. Wiggins-Meyer Steamship Co.,* 126 Or 694, 703, 270 P 759 (1928), the jury requested information on preparation of the verdict and, out of the presence of counsel, the court so instructed them. However, a record was made of the proceeding and both parties were allowed an exception to the court's action. This court held that although it was technical error for the trial court to have given the instruction in counsel's absence, such error was not sufficient to cause a reversal because the record showed the instruction to have been proper.

With the record as it is, the trial court's determination that plaintiff was not prejudiced by the instruction must be either reversed or deemed unreviewable. There is no way of reaching a conclusion about what transpired other than by adopting the judge's recollection. There is an affidavit by a lawyer, who had no connection with the case, stating that he was approached after the trial by one of the jurors who voluntarily told him about the matter. According to the affidavit, the juror's recollection of the question that was asked was different from the judge's. No one's memory should be the basis of the record of instructions given to a jury. The obvious purpose of the

[ 594 ]

statute is to relieve parties from the very dilemma presented here. We reluctantly conclude that the violation of the statute must be treated as reversible error in a situation in which no record of any kind is made at the time of the instruction.

■ Plaintiff also assigns as error the giving of the following instruction:

> "I instruct you that as a matter of law the defendant, Dr. James Reed, is conclusively presumed to have the necessary medical knowledge to practice his profession."

The instruction is a prejudicial irrelevancy. The law assumes that all persons, including doctors, are not negligent until the contrary is proven. The law sets the standard of care for physicians, and negligence is determined by whether that standard is met as the result of what one does or does not do rather than by what one knows or does not know. The instruction is damaging in that it smacks of the connotation that the defendant is infallible in his choice of treatment because he is conclusively presumed to have the proper knowledge on which to base his choice.

■ The giving of the following instruction constitutes another of plaintiff's assignments of error:

> "You *must resolve* any conflict that may exist in the testimony of expert witnesses. To that end, you must weigh one expert's opinion against that of another, the reasons given by one against those of another, and the relative credibility and knowledge of the experts who have testified. Thereupon *you shall find in favor of the expert testimony which, in your opinion, is entitled to the greater weight.*" (Emphasis ours.)

It would appear the court paraphrased an instruction on how to resolve conflicting testimony generally but, when doing so, gratuitously added the last sentence. If a separate instruction on expert testimony is thought to be necessary, as differentiated from testimony generally, a preferable instruction is the one approved in *Wulff v. Sprouse-Reitz Co., Inc.,* 262 Or 293, 305, 498 P2d 766 (1972):

> "* * * In determining the weight to be given to such

opinion, you should consider the qualifications and credibility of the expert and the reasons given for his opinion. *You are not bound by such opinion. You shall give it such weight, if any, that you feel the opinion is entitled to.*" (Emphasis ours.)

The emphasized portion of the instruction given in this case tends to imply that the jury may not disregard expert testimony in its entirety but must find in favor of some portion thereof. In a case such as this, where almost all the testimony was expert, the giving of an instruction which includes the last sentence would not be held to be reversible error, but if, in the instant case, the instruction is again given on retrial, the last sentence should be deleted and the words "attempt to" inserted between the second and third word.

■ Plaintiff also assigns as error a long instruction upon the duty of jurors and how they should deliberate. The instruction was within the trial court's discretion to give, it was not erroneous in any respect, and, contrary to plaintiff's claim, it did not invade the province of the jury.

Plaintiff also assigns as error the withdrawal from the jury of four separate allegations of negligence. Because the case must be retried and evidence on retrial is seldom the same as previously submitted, there is little point in considering whether there was sufficient evidence to require submission of the allegations to the jury.

The judgment of the trial court is reversed, and the case is remanded for a new trial.