Argued and submitted August 31, 1981, affirmed January 25, 1982

STATE OF OREGON,
*Respondent,*
*v.*
MICHAEL LEON WHITE,
*Appellant.*

(No. 80-10-579, CA A20461)

639 P2d 1291

John Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

James E. Mountain, Jr., Deputy Solicitor General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant appeals from a judgment of conviction for robbery in the first degree. ORS 164.415. Defendant contends that the trial court erred when it denied a motion for mistrial on the court's reinstruction of the jury outside the presence of defense counsel. We affirm.

After the jury began its deliberations, the prosecutor and defense counsel adjourned to a nearby restaurant to await the verdict. Soon thereafter the courthouse received a telephoned bomb threat. The courthouse was evacuated, and the jury was moved, under the bailiff's supervision, to the county commissioners' office building. During deliberations at the office building, the jury sent a note to the judge asking for clarification of the instruction on aiding and abetting. The instruction was in writing and had been read earlier by the judge to the jury. Defendant did not take exception to the instruction when given. Upon receipt of the jury's inquiry, the trial judge went to the restaurant in search of counsel but could not find them. Because counsels' whereabouts were unknown, and pursuant to the jury's request, the trial judge sent the written instruction on aiding and abetting to the juryroom after crossing out citations to authority.

■    After the verdict was received and the jury discharged, the court, on the record, advised counsel what had transpired during their absence with regard to the reinstruction of the jury. The jury's written question and the instruction used to reinstruct the jury were made a part of the record. Defendant then orally moved for a mistrial on the basis of the reinstruction procedure and the bomb threat, and because the jury had been moved about during deliberations.[1] Later, defendant filed motions for mistrial and for a new trial. After a hearing, defendant's motions were denied. Thereafter, the judgment of conviction was entered.

ORS 136.330, in pertinent part, provides:

"* * * ORCP * * * 59B. through F. * * * apply to and regulate the conduct of the trial of criminal actions."

---

[1] Defendant appeals from the denial of his motion only on the jury reinstruction procedure.

ORCP 59D, formerly ORS 17.325, provides:

"After retirement for deliberation, if the jury requests information on any point of law, the judge may require the officer having them in charge to conduct them into court. Upon the jury being brought into court, the information requested, if given, shall be given either orally or in writing in the presence of, or after notice to, the parties or their counsel."

The question is whether the trial court's failure to comply with ORCP 59D was prejudicial error and therefore grounds for a mistrial. We hold that it was not. The procedure followed by the trial judge because of the record made was reviewable on appeal. The trial judge had no oral communication with the jury. He received a written question, delivered to him by the bailiff. The question was answered by delivering to the jury the written instruction. Following the verdict, the trial judge explained on the record the procedure he had followed. The question and the instruction are part of the record. Although it may have been a technical error to reinstruct the jury in counsels' absence, it was not a prejudicial error that requires a mistrial. *See Hastings v. Top Cop Cut Feedlots, Inc.,* 285 Or 261, 264-65, 590 P2d 1210 (1979); *Huntley v. Reed,* 276 Or 591, 556 P2d 122 (1976).

■ Defendant also argues that the trial court's reinstruction on accomplice liability constituted an impermissible comment on the evidence. That argument was neither raised in the trial court nor separately stated as an assignment of error on appeal. We will not consider it for the first time on appeal. *State v. Hickmann,* 273 Or 358, 360-61, 540 P2d 1406 (1975).

Affirmed.