Argued and submitted July 26, reversed and remanded November 6, 1985,
reconsideration allowed by opinion February 12, 1986
See 77 Or App 660, 713 P2d 1099 (1986)

STATE OF OREGON,
*Respondent,*

*v.*

GEORGE ROY LOOPER,
*Appellant.*

(M383975; CA A34455)

708 P2d 1190

Connie L. Isgro, Portland, argued the cause for appellant. On the brief were Ivan M. Karmel and Benziger & Karmel, Portland.

Jonathan Fussner, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Defendant appeals his conviction for reckless driving. ORS 487.550. At approximately 5 a.m. on November 8, 1983, he was driving east on S.E. Mill Street in Portland. A police officer observed his car go through a red light at the intersection of 82nd Avenue. In order to avoid collisions with defendant's car, another car accelerated and a truck turned into the lane of oncoming traffic and jackknifed. Defendant stopped his car in the intersection, backed up and proceeded on the green light. The officer pursued defendant at a speed greater than the speed limit and stopped him several blocks away.

The officer noticed that the left headlight of defendant's car pointed in the wrong direction, as if the car had been in an accident, and he asked defendant what had happened. He testified that defendant stated that he had just hit a tree while rounding a corner on Division Street and that he was scared. The officer stated that defendant had an odor of alcohol, slurred speech and red, watery eyes and appeared to be under the influence of alcohol. He testified that defendant had said that he had been drinking heavily earlier in the evening, had then slept and was now heading to work. The officer asked him to perform some field sobriety tests, and he was not responsive to his instructions. The officer arrested defendant, took him to the station and released him after citing him for reckless driving.

Defendant testified that he had fallen asleep while driving on Mill Street, had woke up while going through the red light and had stopped his car in the middle of the intersection in front of a truck which was coming toward him. He had no recollection of the speed that he was travelling when the officer stopped him or of saying that he had hit a tree, but he said it was possible that he was driving over 50 miles per hour and that he had hit a tree. Defendant's physician testified that defendant suffers from obstructive sleep apnea syndrome, a breathing malfunction which affects his sleeping habits, and that his conduct could be due to the disorder. He stated that had defendant complained of falling asleep while driving his cab when he had come for treatment.

Defendant moved before trial that the jury instructions be reduced to writing or recorded electronically and given to the jury for use during its deliberations, pursuant to

ORCP 59B,[1] which applies to criminal trials by virtue of ORS 136.330. The trial court took the motion under advisement, and defendant renewed the motion at the end of the trial. The court ruled that reducing the instructions to writing would waste too much time,[2] and that the court was not equipped to provide an electronic recording for the jury's use during deliberation. The court informed the jury that the instructions would be recorded and that, if it wanted to hear them again during deliberations, it could have them played back in the courtroom. Defendant continued to object to that procedure as not in strict compliance with ORCP 59B and assigns the ruling as error.

■ The state argues that there was no error, because the trial court substantially complied with ORCP 59B by making a recording of the instructions available to the jury during its deliberations. We do not think that the mandatory language of ORCP 59B, that "the charge *shall* either be reduced to writing * * * or recorded electronically [and] * * * [t]he jury *shall* take such written instructions or recording with it while deliberating" (emphasis supplied), is susceptible to the interpretation that substantial compliance is sufficient. If making an electronic recording available to the jury was not feasible, the court could have submitted a written copy, but it did not have discretion to refuse to give the instructions to the jury for use during its deliberations.

The state argues that, if the court erred, reversal is not warranted. ORS 138.230[3] requires us to ignore "technical

---

[1] ORCP 59B provides, in pertinent part:

"* * * If either party requires it, and at commencement of the trial gave notice of that party's intention so to do, or if in the opinion of the court it is desirable, the charge shall either be reduced to writing, and then read to the jury by the court or recorded electronically during the charging of the jury. The jury shall take such written instructions or recording with it while deliberating upon the verdict and then return the written instructions or recording to the clerk immediately upon conclusion of its deliberations. The clerk shall file the written instructions or recording in the court file of the case."

[2] Defendant's attorney estimated that it would take her one-half hour to reduce the instructions to writing.

[3] ORS 138.230 provides:

"After hearing the appeal, the court shall give judgment, without regard to the decision of questions which were in the discretion of the court below or to technical errors, defects or exceptions which do not affect the substantial rights of the parties."

errors * * * which do not affect the substantial rights of parties." Also, Article VII (Amended), section 3, of the Oregon Constitution,[4] provides that we should affirm a judgment despite any error in the trial if we are of the opinion that the judgment "was such as should have been rendered in the case * * *." We applied that principle, without explicit reference to statutory or constitutional authority, to hold a technical violation of ORCP 59D nonprejudicial in *State v. White,* 55 Or App 729, 639 P2d 1291 (1982).

*State v. Van Hooser,* 266 Or 19, 511 P2d 359 (1973), states that the constitutional standard is the sole criterion for determining whether a judgment should be affirmed despite error, 266 Or at 23, and sets forth two requirements to implement that standard:

> "* * * (1) [T]hat there was substantial and convincing evidence of guilt; *and* (2) that the error committed was very unlikely to have changed the result of the trial. * * *" 266 Or at 25-26. (Emphasis supplied.)

We cannot say that there was "substantial and convincing evidence" of defendant's guilt. The state's only witness was the officer, and his testimony and the inferences therefrom do not establish defendant's subjective awareness and conscious disregard of a substantial and unjustifiable risk. We cannot say that all the evidence overwhelmingly points to defendant's guilt. The state has failed to satisfy the first part of the *Van Hooser* test; both must be satisfied before we can affirm despite error. Although we believe that the error was unlikely to have changed the result, we conclude that we cannot disregard the error here and affirm without totally disregarding the mandatory language in ORCP 59B and leaving that rule with no meaning whatsoever.

Defendant's second assignment contends that the trial court erred in refusing to give his requested instruction

---

[4] Article VII (Amended), section 3, of the Oregon Constitution provides, in pertinent part:

> "* * * If the supreme court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error commited during the trial * * *."

defining recklessness.[5] The instruction which was given[6] adequately covered the issue, and the trial court did not err. *State v. Forsyth,* 20 Or App 624, 633, 533 P2d 176, *rev den* (1975).

Reversed and remanded for a new trial.

---

[5] Defendant requested the following instruction:

"To find George Looper guilty of Reckless Driving you must be convinced beyond a reasonable doubt that George Looper had a subjective awareness of a substantial and unjustifiable risk and that he consciously disregarded the existence of that risk."

[6] The instruction given on the basis of the definition of "recklessly" in ORS 161.085(9) reads:

"A person acts recklessly if that person is aware of and consciously disregards a substantial and unjustifiable risk either

"(1) That a particular result will occur; or

"(2) That a particular circumstance exists.

"The risk must be of such nature and degree that disregarding it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."