On respondent's reconsideration filed December 11, 1985, reconsideration granted, former opinion (76 Or App 231, 708 P2d 1109), withdrawn, judgment of conviction affirmed February 12, 1986

STATE OF OREGON,
*Respondent,*

*v.*

GEORGE ROY LOOPER,
*Appellant.*

(M383975; CA A34455)

713 P2d 1099

Dave Frohnmayer, Attorney General, James E. Mountain, Jr., Solicitor General, and Jonathan Fussner, Assistant Attorney General, Salem, for petition.

No appearance contra.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

The state petitions for reconsideration of our previous decision. 76 Or App 231, 708 P2d 1190 (1985).[1] We held that the trial court's failure to give the jury a written or electronically recorded copy of the jury instructions for its use during deliberation did not satisfy ORCP 59B[2] and was reversible error. We also held that the trial court's informing the jury that it could request to have the recorded instructions played back in the courtroom during its deliberation did not satisfy the rule and that the mandatory language of ORCP 59B required strict compliance.

In its petition, the state, for the first time, points out that ORCP 59C(5) requires only that the jury "be kept together in some convenient place" when it retires for deliberation. We agree with the state's contention that the courtroom may be a "convenient place." Reassembling the jury in the courtroom to rehear the instructions can be part of the deliberation process. By making the recorded instructions available to the jury in the courtroom during its deliberation, the trial court *did* comply with ORCP 59B. We grant the petition for reconsideration, withdraw our former opinion and affirm defendant's conviction.

Petition for reconsideration granted; former opinion withdrawn; judgment of conviction affirmed.

---

[1] The facts of this case are stated in our previous opinion and are not repeated here.

[2] ORCP 59B provides, in pertinent part:

"* * * If either party requires it * * * the charge shall either be reduced to writing * * * or recorded electronically during the charging of the jury. The jury shall take such written instructions or recording with it while deliberating upon the verdict * * *."