**Carl O. CARLSON, Jr., Appellant (Plaintiff),**

v.

**E. Leva CARLSON and Citizens National Bank and Trust Company, a National Bank, Appellees (Defendants).**

No. 94–32.

Supreme Court of Wyoming.

Jan. 5, 1995.

Julie Nye Tiedeken, Cheyenne, for appellant.

Frank J. Jones, Wheatland, for appellee Citizens Nat. Bank and Trust Co.

Raymond B. Hunkins, Jones, Jones, Vines & Hunkins, Wheatland, for appellee E. Leva Carlson.

Before GOLDEN, C.J., THOMAS and MACY, JJ. and KALOKATHIS and VOIGT, District Judges.

VOIGT, District Judge.

Appellant appeals from an *Order Denying Motion for New Trial,* and an *Order Awarding Costs and Receivership Fees.* He argues that the trial court committed reversible error by communicating with the jury, and that it abused its discretion in the way it awarded costs and receivership fees.

We affirm.

## ISSUES

Appellant identified the issues as follows:
1. Whether it was error for the Court to fail to further instruct the jury in open court and on the record in violation of W.S. § 1–11–205(a)(vii) and W.S. § 1–11–209.

2. Was it an abuse of discretion for the trial court to award costs from the first trial of this matter to the defendants when the Supreme Court had previously ruled that each party would bear their [sic] own costs.

3. Whether it was an abuse of discretion to award costs to the defendants which were incurred during the first trial when it was the conduct of the Appellees that forced a second trial.

4. Was it an abuse of discretion for the trial court to order the plaintiff to pay one-half of the costs of the receivership.

Appellee E. Leva Carlson restates the issues as follows:

1. Whether it was an abuse of the trial court's discretion to deny appellant's motion for a new trial, which motion was grounded on an anomaly occurring after the case was submitted to the jury.

2. Whether it was error for the court, through the bailiff, to give the jury an innocuous answer to an innocuous question regarding an administrative matter.

3. If it was error to provide an innocuous answer to an innocuous question, whether such error was harmless within the meaning of Rule 9.04 of the Wyoming Rules of Appellate Procedure.

4. Whether the court abused its discretion in awarding costs, including the costs of the receiver.

Appellee Citizens National Bank and Trust Company reduces the issues to two:

1. Was it reversible error for the judge to answer, outside the presence of counsel and not on the record, an inquiry of the jury concerning writing a comment on the verdict form?

2. Did the trial court abuse its discretion in awarding costs to the prevailing parties as required by Rule 54(d), W.R.C.P.?

We will consider the issues in the combined form suggested by Citizens Bank.

## FACTS

In one form or another, this dispute has now been before this court five times. A description of the case, along with its judicial history, is contained in the most recent reincarnation prior to the instant version. *Carlson v. Carlson,* 836 P.2d 297, 298–300 (Wyo. 1992). Suffice it to say for purposes of this opinion that the controversy involves a farm lease and purchase option agreement between mother and son, in which mother's bank became entangled. Upon the latest appeal, son obtained a new trial.

After remand, the matter was tried to a jury on August 24–27, 1993. The jury returned a verdict in favor of appellees, and a *Judgment on Verdict* to that effect was entered on September 22, 1993. A few days later, appellant filed a *Motion for New Trial,* in which he alleged that during the course of jury deliberations, the jury had sent a note to the judge, to which the judge had responded without notifying counsel, without going back into open court, and without putting the note and response on the record. After a hearing on the matter, the *Motion for New Trial* was denied. In a subsequent order, the trial court awarded costs to appellees, and ordered mother and son to equally share the costs of the receiver.

## DISCUSSION

### THE JURY NOTE

At the hearing on the *Motion for New Trial,* it was revealed that the jury had written a note to the judge, prior to filling out the verdict form, asking whether they could write comments on the verdict form. Neither the note nor the judge's response was preserved for the record.

Several jurors testified at the hearing as to their recollections about the note and response. Although their memories differed as to the actual question asked of the judge, they did agree that their purpose was to find out if they could "add something" to the verdict form. The "something" appears to have been their desire to make sure appellant would be reimbursed for improvements to the farm. The jury foreman, who wrote the note, testified that it said "may we add comments to the verdict form?"

During the hearing on the *Motion for New Trial,* the trial judge agreed with the jury foreman as to the substance of the note.

Further, he indicated that his written response was "fill out the verdict form." There was no consensus among the jurors who testified as to whether they recalled a written response or a verbal response through the bailiff, nor did they agree on the precise wording of the response. The general sense of their recollections as to the response, however, was that they could not write comments on the jury form.

■ Before analyzing these issues under relevant statutes and case law, it is appropriate to address the concepts of "plain error" and "harmless error." Appellant characterized the facts of this case as demonstrating plain error because this court's prior requirements for the doctrine's application are met: (1) a clear record of what happened at the hearing; (2) a clear and unequivocal rule of law shown to exist; and (3) the facts of the case must clearly and obviously transgress such rule. *Rissler & McMurry v. Snodgrass*, 854 P.2d 69, 71 (Wyo.1993); *Mason v. State*, 631 P.2d 1051, 1057 (Wyo.1981). While this may or may not be true, it is irrelevant. The plain error doctrine merely allows a reviewing court to address issues that were not brought to the attention of the trial court. WYO.R.EVID. 103(d); WYO. R.APP.P. 9.05; *Armstrong v. State*, 826 P.2d 1106, 1115 (Wyo.1992). In the instant case, the alleged error was not only brought to the attention of the trial court, it formed the basis for the *Motion for New Trial.* Plain error analysis is not necessary.

WYO.R.CIV.P. 59, guides the trial court when a motion for new trial has been filed:

(a) *Grounds*—A new trial may be granted to all or any of the parties, and on all or part of the issues * * *. *Subject to the provisions of Rule 61,* a new trial may be granted for any of the following causes:

(1) Irregularity in the proceedings of the court, jury, referee, master or prevailing party, or any order of the court or referee, or abuse of discretion, *by which the party was prevented from having a fair trial.*

(Emphasis added).

WYO.R.CIV.P. 61, in turn, is entitled "Harmless Error." It reads as follows:

No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

(Emphasis added).

It follows that, under the harmless error rule, even if this court were to find error by the trial court, such error would not require reversal unless it "prevented a fair trial," was "inconsistent with substantial justice" or affected the "substantial rights of the parties." Given the trouble and expense of another retrial, for both the parties and the court, and given the public policy favoring the finality of judgments, it is not surprising that the court rules require such a showing of prejudice.

Appellant's argument rests in WYO.STAT. §§ 1–11–205(a)(vii) and 1–11–209 (1988), and in this court's recent ruling in *Rissler,* 854 P.2d at 71. It is true that in *Rissler,* this court reversed a jury verdict because the trial court's failure to abide by these statutes was found to be plain error. But before we distinguish that decision from the facts of this case, it may be helpful to address the rules and statutes dealing with jury instructions.

WYO.STAT. § 1–11–205(a) (1988) provides in relevant part as follows:

(v) When the evidence is concluded, and either party desires special instructions to be given to the jury, the instructions shall be reduced to writing, numbered and signed by the party or his attorney asking the same, and delivered to the court;

(vi) Before argument of the cause is begun, the court shall give such instruction of the law to the jury as may be necessary. The instructions shall be in writing, numbered and signed by the judge;

(vii) Where either party asks special instructions to be given to the jury, the court shall either give such instructions as requested, give the instruction with modifications, or refuse to give them. The court shall mark each instruction offered so that it shall appear which instructions were given in whole or in part, and which were refused, so that either party may except to the instructions as given, refused or modified. All instructions given by the court together with those refused shall be filed as a part of the record.

WYO.STAT. § 1–11–209 (1988) reads as follows:

After the jurors have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any part of the law arising in the case, they may request the officer to conduct them to the court where information upon the matter of law shall be given. The court may give its recollection as to the testimony on the points in dispute, in the presence of or after notice to the parties or their counsel.

Finally, Wyo.R.CIV.P. 51, reads as follows:

(a) *General instructions*—At any time the court may give the jury such general instructions as to the duties and functions of the court and jury, and the manner of conducting the trial, as it may deem desirable to assist the jury in performing its functions. Such instructions, exclusive of rulings which are recorded by the court reporter for inclusion in any record, shall be reduced to writing, numbered and delivered to the jury with the other instructions and shall be a part of the record in the case.

(b) *Further instructions; objections*— At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury. Before the argument of the case to the jury has begun, the court shall give to the jury such instructions on the law as may be necessary and the same shall be in writing, numbered and signed by the judge, and shall be taken by the jury when it retires. No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury.

The official comment following Rule 51 explains that it "states the substance of § 1–11–205(a)(v) and (vi)."

These statutes and rules concern only certain defined communications between judge and jury:

1. Special instructions desired by a party [WYO.STAT. § 1–11–205(a)(v) and (vii) ].

2. Such instructions of the law as may be necessary or requested by a party [WYO.STAT. § 1–11–205(a)(vi); WYO. R.CIV.P. 51(b) ].

3. Jury disagreement as to testimony [WYO.STAT. § 1–11–209].

4. Jury requests to be informed as to any part of the law arising in the case [WYO.STAT. § 1–11–209].

5. General instructions as to the duties and functions of the court and jury, and the manner of conducting the trial [WYO.R.CIV.P. 51(a) ].

With the exception of the provision allowing the trial court to address the jury upon its request concerning disputed testimony, the balance of these provisions specify communications involving "instructions." In Wyoming, the term "instructions" has been defined as "directions in reference to the law of the case guiding the jury in arriving at correct conclusions." *Gale v. Kay*, 390 P.2d 596, 600 (Wyo.1964). The reversal in *Rissler* was precisely because an instruction on the law of the case was given without following the mandates of WYO.STAT. §§ 1–11–205(a)(vii) and 1–11–209, with resultant prejudice.

The "issue" now facing the court is actually two "issues": the status of communications between judge and jury that do not involve instructions on the law, and whether the

harmless error doctrine applies to such communications. The parties have pointed out in their briefs the lack of unanimity nationwide on these questions. Many courts have found any communication between a judge and a deliberating jury that is made off the record and outside counsels' presence to be reversible error. *See, e.g., Danes v. Pearson,* 6 Ind.App. 465, 33 N.E. 976 (1893); *Hastings v. Top Cut Feedlots, Inc.,* 285 Or. 261, 590 P.2d 1210 (1979); *Argo v. Goodstein,* 424 Pa. 612, 228 A.2d 195 (1967). Other courts have refused to reverse absent prejudice, or have identified an area of "administrative directives" by the court that are not considered to be "instructions." *See, e.g., Sanders v. Buchanan,* 407 F.2d 161 (10th Cir.1969); *Gen. Motors Corp. v. Walden,* 406 F.2d 606 (10th Cir.1969); *Dixon v. Southern Pac. Transp. Co.,* 579 F.2d 511 (9th Cir.1978); *People in the Interest of E.S.,* 681 P.2d 528 (Colo.App.1984); *Commonwealth v. Bradley,* 501 Pa. 25, 459 A.2d 733 (1983) (**overruling** *Argo*); *Tjas v. Proctor,* 591 P.2d 438 (Utah 1979).

 This court agrees with the latter cases that the better approach is to recognize the concept of "administrative directives," and to allow trial courts to communicate with a deliberating jury in a less formal manner when such communication does not concern the matters covered in the statutes and court rules cited above. Further, the court holds that harmless error analysis is the appropriate measure for the review of such communications. As an aside, it should be pointed out that this analysis may be more stringent in criminal cases than in civil cases. *See* John P. Ludington, Annotation, *Postretirement Out–of–Court Communications Between Jurors and Trial Judge as Grounds for New Trial or Reversal in Criminal Case,* 43 A.L.R.4th 410 (1986); Annotation, Russell J. Davis, *Propriety and Prejudicial Effect, in Federal Civil Cases, of Communications Between Judge and Jury Made out of Counsel's Presence and After Submission for Deliberation,* 32 A.L.R.Fed. 392 (1977). So long as no party suffers prejudice thereby, the interests of judicial economy and common sense suggest that a trial judge should be allowed to exercise discretion in communicating with a jury on administrative matters in an efficient and reasonable manner.

 As stated earlier, these issues now come before this court in the form of an appeal from the denial of a motion for a new trial. Trial courts have broad discretion when ruling on a motion for a new trial, and they will not be reversed absent an abuse of such discretion. *Cody v. Atkins,* 658 P.2d 59, 64 (Wyo.1983). The party seeking reversal has a heavy burden to show an abuse of discretion; indeed, he must show that a different result would have been obtained absent the abuse. *Walton v. Texasgulf, Inc.,* 634 P.2d 908, 912–13 (Wyo.1981). An abuse of discretion occurs when the court could not reasonably conclude as it did. *Martinez v. State,* 611 P.2d 831, 838 (Wyo.1980).

 In the case now before the court, the issue is whether the trial court, upon hearing the motion for new trial, could reasonably find that the communication between judge and jury did not affect the outcome of the trial. We are convinced that the trial court was correct, and that no error occurred. While the better practice would be to have such communications in counsels' presence, and to preserve both the jury question and the response, even when the mandatory statutes and rules do not apply, a sufficient record exists in this case from which to determine the nature of the communication. The trial court's response was not an instruction on the law, and was, therefore, outside the parameters of the cited statutes and WYO.R.CIV.P. 51. Further, no version of either the question or the response, as evidenced by the testimony at the hearing, was substantially prejudicial to any of the parties.

COSTS

 After the latest jury trial in this matter, the trial court assessed costs against appellant, including costs incurred for the first trial, and costs incurred in obtaining a transcript of the first trial. The parties were also ordered equally to split the costs of the receiver. Appellant's objection to these decisions is fourfold:

1. After the prior appeal, this court had ordered each party to bear its own costs.

2. It was the conduct of the appellees that forced an appeal and second trial.

3. The previous trial judge had ordered that the receiver's fees should be paid out of the receivership account.

4. The receiver handled only funds belonging to appellee E. Leva Carlson, not funds of appellant.

The statutory directives for the recovery of fees and costs in both civil and criminal cases are found at Wyo.Stat. § 1–14–101 *et seq.* Further, Wyo.R.Civ.P. 54(d), provides that costs shall be allowed to the prevailing party as a matter of course, "unless the court otherwise directs * * *." The parties agree that the appropriate standard by which this court reviews the trial court's apportionment of costs is the abuse of discretion standard, and the decision will not be overturned absent proof of such abuse. *Coulthard v. Cossairt,* 803 P.2d 86, 93 (Wyo.1990); *Stauffer Chem. Co. v. Curry,* 778 P.2d 1083, 1105 (Wyo.1989). This court has recognized that the trial court "has a better opportunity to determine the circumstances of the case * * *." *Stauffer,* 778 P.2d at 1105.

 The allowance of compensation to a receiver is also left to the sound discretion of the trial court. The receiver acts under the authority of the trial court and is supervised by the trial court. Consequently, the trial court knows the receiver's circumstances, the services rendered, the amount of time expended, and what is reasonable. *Krist v. Aetna Casualty & Surety,* 667 P.2d 665, 670 (Wyo.1983).

We can find no abuse of discretion here. This court's order after the prior appeal was directed at the costs of the appeal. It would not have been appropriate for this court to direct payment of costs in any particular manner for the case after remand. When the case was remanded for trial, it was again the trial court's obligation to evaluate all trial court costs, including the receivership fees. Finally, it cannot be said that appellees were the "cause" of the second trial, even though they may have suggested the bifurcation that resulted in reversal, especially inasmuch as appellees prevailed on the merits at the second trial.

## CONCLUSION

The trial court did not abuse its discretion in finding no reversible error in the communication between judge and jury, and there was no abuse of discretion in the apportionment of costs and receivership fees.

The decision of the district court is affirmed.