Gregory C. HANSEN,
conservator for Ronny Lynn Bennett,
*Respondent,*

*v.*

Allan L. BENNETT
and Wanda M. Bennett,
*Appellants,*

*and*

WANDA BENNETT TRUST
and Lam = Joist, Ltd.,
an Oregon corporation,
*Defendants.*

(94P-1215; CA A96504)

986 P2d 633

Allan L. Bennett and Wanda M. Bennett filed the brief *pro se*.

Kevin T. Lafky and Lafky & Lafky filed the brief for respondent.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Armstrong, Judge.

ARMSTRONG, J.

---

* Deits, C. J., *vice* Warren, P. J., retired.

## ARMSTRONG, J.

Defendant Allan Bennett is the former conservator of his mentally ill brother, Ronny Bennett. A court removed Allan as Ronny's conservator and appointed plaintiff as the successor conservator. Plaintiff then brought this action against Allan for conversion and breach of fiduciary duty and against all defendants for fraudulent conveyance. The action was tried to a jury, which found for plaintiff on all claims and awarded economic and punitive damages against defendants.

Ronny inherited approximately $32,000 during Allan's conservatorship. Those funds were invested for Ronny by Allan in defendant Lam = Joist, Ltd., which is a closely held corporation controlled by Allan and Wanda Bennett. Ronny received a one-third interest in Lam = Joist for the investment. At about the same time, Allan and Wanda conveyed to Lam = Joist real property that they owned in Polk County. Lam = Joist later sold the property, and the net proceeds from the sale were conveyed to Wanda Bennett, who used the proceeds to establish defendant Wanda Bennett Trust.[1] The trust subsequently purchased real property in Lincoln County, which Allan and Wanda use as their residence. A court thereafter removed Allan as Ronny's conservator, and plaintiff brought this action to recover the funds that Allan had received on Ronny's behalf as conservator.

■■ The Bennetts appear *pro se* on appeal and assert 11 assignments of error.[2] Their first assignment challenges the entry of a judgment against Lam = Joist and the Wanda Bennett Trust on the ground that those defendants had not appeared in the action.[3] In the Bennetts' view, the failure of

---

[1] The trust is identified in documents in the court file as the Wanda Bennett Trust and the Wanda Bennett Living Trust. We will refer to it by the former name.

[2] We will refer to Allan and Wanda Bennett as the Bennetts in the balance of the opinion.

[3] All defendants were served with summons and complaint. The Bennetts filed an answer that the parties and the court appear to have treated as having been filed for all defendants. Although the Bennetts lacked authority to file an answer for the corporation and the trust, *see* ORS 9.320, no one raised that issue below, and the case proceeded to trial against all defendants. We assume that the Bennetts' contention that the corporation and the trust did not appear in the action is based on the proposition that no one who had authority to file an answer on their behalf did so.

the corporation and the trust to appear in the action means that the trial court lacked jurisdiction to enter a judgment against those entities. According to the Bennetts, that means that the court erred in entering a judgment against all of the defendants, because it had authority only to enter a ORCP 67 B judgment against the Bennetts. There are a number of flaws in the Bennetts' argument, any one of which is fatal to their assignment of error. Most simply, they are mistaken in their belief that an error in entering a judgment against two of the defendants means that the court lacked authority to do anything other than enter an ORCP 67 B judgment against the remaining defendants. ORCP 67 B applies when a court does *not* enter a judgment that disposes of all claims against all parties. *See* ORCP 67 B. *See generally May v. Josephine Memorial Hospital*, 297 Or 525, 530-31, 686 P2d 1015 (1984). Here, the court entered a judgment that *did* dispose of all claims against all parties. Hence, ORCP 67 B has no application to the judgment that the court entered.[4]

Three of the Bennetts' other assignments of error challenge the sufficiency of plaintiff's complaint to allege the claims for relief that it had asserted against them. Contrary to their contention, the complaint did allege facts sufficient to establish plaintiff's right to obtain relief on all three claims.

Four of the other assignments of error cannot be considered on appeal because the Bennetts failed to provide us with the trial transcript.[5] Two of them challenge the sufficiency of the evidence to establish plaintiff's right to prevail

---

[1] Furthermore, we dismissed an appeal that the Bennetts had filed on behalf of the corporation and the trust on the ground that an attorney had not filed the notice of appeal for those entities. *See* ORS 9.320 (attorneys must appear to defend corporations and other entities in legal proceedings); *Oregon Peaceworks Green, PAC v. Sec. of State*, 311 Or 267, 270-72, 810 P2d 836 (1991). Consequently, even if the trial court had erred in entering a judgment against the corporation and the trust, and nothing suggests that it did, the judgment against them is not subject to attack on appeal. Hence, the only issues that the Bennetts can raise on appeal are those that bear on the validity of the judgment against them, which forecloses the challenge raised by their first assignment of error.

[5] The Bennetts assert that the failure to provide the transcript is attributable to the court reporter's failure to make appropriate arrangements with them to prepare and file the transcript within the required time, and their decision not to pay for the transcript without an assurance that the court would permit the late filing of it. Without regard to fault, the lack of a transcript prevents our review of the affected assignments of error. *See, e.g., H.N.M. Enterprises, Inc. v. Hamilton*, 49 Or App 613, 617, 621 P2d 57 (1980), *rev den* 290 Or 449 (1981).

on his conversion claim. Without a transcript of the evidence bearing on the claim and the arguments made to the trial court on it, there is no basis for us to review the assignments.[6] The other two assignments concern an alleged failure by the trial court to comply with ORCP 59 B, which requires a court to give a written or electronically recorded version of the jury instructions to the jury for its use during its deliberations "[i]f either party requires it, and at the commencement of trial gave notice of that party's intention so to do." ORCP 59 B. If the court failed to comply with a proper request by the Bennetts to give the jury a version of the instructions, then the Bennetts presumably would be entitled to a new trial. *Cf. State v. Looper*, 77 Or App 660, 662, 713 P2d 1099 (1986) (by implication). Here again, however, we cannot determine whether the court failed to comply with ORCP 59 B without a trial transcript to establish that the court failed to honor a request by the Bennetts to provide the jury with a written or electronically recorded version of the jury instructions. The Bennetts seek to overcome the problem by relying on testimony contained in an affidavit that they filed in support of a motion for a new trial. The testimony relates their version of the events that occurred at trial when the court instructed the jury and sent it out to deliberate. That testimony cannot serve as a substitute for the record of the actual events. *See* ORS 19.365(2). Without that record, we cannot determine if the court committed any error.

■■ The Bennetts' tenth assignment of error challenges the denial of their third motion of a change of venue. ORS 14.110(1)(d) gives a trial court discretion to change the place of trial when it appears to the court

---

[6] The Bennetts attempt to avoid the problem created by the lack of a trial transcript by arguing that the errors that they raise can be established through the pleadings and facts that appear elsewhere in the record. They are mistaken. Without a record of the evidence admitted at trial and any challenge raised by the Bennetts to the sufficiency of the evidence, it is impossible for us to determine whether the court erred in submitting the conversion claim to the jury. Contrary to the Bennetts' assumption, evidence could have been admitted that went beyond the issues pleaded in the complaint if no one objected to the admission of the evidence. Hence, it is not possible for us to determine whether there was sufficient evidence to submit the conversion claim to the jury by reviewing plaintiff's complaint and the Bennetts' pretrial motion for judgment on the pleadings.

"that the judge or the inhabitants of the county are so prejudiced against the party making the motion that the party cannot expect an impartial trial before said judge or in said county, as the case may be."

We review the denial of such a motion for abuse of discretion. *See, e.g., Walti v. Willamette Industries, Inc.*, 86 Or App 479, 483, 739 P2d 611 (1987).

The Bennetts asserted in their motion that the court had acted unfairly toward them by granting an order that prohibited them from selling their home, by doctoring a transcript, and by attempting to intimidate them regarding a decision whether to hear oral argument on a motion. The court denied the motion, stating that

"[c]ontrary to [the Bennetts'] allegations, [the] Court has bent over backwards to give [them] the opportunity to be heard and to attempt to ensure that they suffer no disadvantage because they are not represented by counsel. [Their] allegations of transcript doctoring, favoritism [and] unequal treatment are simply false[.]"

Our review of the record leads us to conclude that the court did not abuse its discretion in denying the Bennetts' third motion to change venue. The Bennetts' remaining assignment of error does not require discussion.

Affirmed.