544　　　　　　　　June 26, 2024　　　　　　　No. 455

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSHUA PATRICK MURPHY,
*Defendant-Appellant.*

Coos County Circuit Court
23VI27762; A181771

Brett A. Pruess, Judge.

Submitted May 29, 2024.

Appellant filed the brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Appeal dismissed.

**HELLMAN, J.**

Defendant appeals a judgment of conviction for violating the basic speed rule, ORS 811.100, entered after defendant was cited for driving 20 miles per hour above the speed limit. We understand defendant's sole assignment of error to challenge the constitutionality of the proceedings and the sufficiency of the evidence to support the conviction. As explained below, we dismiss the appeal.

We decline to review defendant's assignment of error because the record on appeal is insufficient for review.[1] *See* ORS 19.365(5) ("If the record on appeal is not sufficient to allow the appellate court to review an assignment of error, the appellate court may decline to review the assignment of error and may dismiss the appeal if there are no other assignments of error that may be reviewed."). Although the "appellant bears the burden of providing a record sufficient to demonstrate that error occurred," *Ferguson v. Nelson*, 216 Or App 541, 549, 174 P3d 620 (2007), defendant did not designate a transcript of the trial court proceedings as a part of the record.[2] Because that transcript is necessary to evaluate defendant's assignment of error, we cannot determine whether the trial court erred. *See C. P. v. N. L.*, 274 Or App 180, 181, 359 P3d 1248 (2015) ("In the absence of that transcript—that is, without a complete record of the evidence presented to the trial court—we are unable to determine whether the court erred ***."); *Hansen v. Bennett*, 162 Or App 380, 384, 986 P2d 633, *rev den*, 329 Or 553 (1999) ("Without a transcript of the evidence bearing on the claim and the arguments made to the trial court on it, there is no basis for us to review the assignments.").

Appeal dismissed.

---

[1] The record on appeal includes "the  trial court file, exhibits and record of oral proceedings in the trial court that are designated under 19.250. The record of oral proceedings is the transcript prepared under ORS 19.370[.]" ORS 19.365(2).

[2] In defendant's amended notice of appeal, defendant designated the "[t]rial court file only. No exhibits and no oral proceedings" and noted that "This is an amended notice as I will not be paying for transcripts."