On appellant's petition for reconsideration of dismissal
filed September 11, motion for dismissal filed July 10, and allowed August 13,
petition for reconsideration allowed; order dismissing appeal reversed and set
aside; appeal reinstated October 26, reconsideration denied December 10, 1981,
petition for review denied January 26, 1982 (292 Or 450)

## WERLINE,
*Respondent,*
*v.*
## WEBBER
*Appellant.*

(No. 26813, CA No. A21492)

635 P2d 15

Bruce W. Williams, and Williams & Spooner, P.C., Salem, for petition.

Before Thornton, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Defendant petitions the Supreme Court for review of our order of August 13, 1981, dismissing her appeal. In ordering dismissal of defendant's appeal, we relied on *Stahl v. Krasowski,* 281 Or 33, 573 P2d 309 (1978). The petition for review serves as a petition for reconsideration in this court. ORAP 10.10. We allow the petition for reconsideration and reverse our order dismissing defendant's appeal.

Defendant appealed a judgment dated April 27, 1981, awarding damages. Her motion for a new trial was denied on June 9, 1981.[1] She filed a notice of appeal on June 29, 1981, within 30 days of the date of entry of the order denying her motion for a new trial. ORS 19.026(2). The issue before us now is whether that notice complies with the requirements of ORS 19.029(1). We conclude that it does and, therefore, reverse our order of August 13, 1981, dismissing defendant's appeal.

ORS 19.029(1) provides as follows:

"The notice of appeal shall contain the following:

"(a)   The title of the cause.

"(b)   The names of the parties and their attorneys.

"(c)   A notice to all parties or their attorneys as have appeared in the action, suit or proceedings that an appeal is *taken from the judgment or some specified part thereof* and designating who are the adverse parties to the appeal.

"(d)   A designation of those portions of the proceedings and exhibits to be included in the record in addition to the trial file. The designation may not be later amended by the appellant unless the appellate court so orders.

"(e)   A plain and concise statement of the points on which the appellant intends to rely. On appeal, the appellant may rely on no other points than those set forth in such statement. If the appellant has designated for inclusion in the record all the testimony and all the instructions given and requested, no statement of points is necessary. Not later than the 15th day following the filing of the transcript, the appellant may serve and file an amended statement of points. Except by approval of the court, the appellant may then rely on no other points than those set forth in such amended statement." (Emphasis added.)

---

[1] There is no suggestion in the record before us that defendant failed to comply with Oregon Rule of Civil Procedure 64F.

In her notice of appeal defendant stated that she " * * * hereby gives notice of appeal from the judgment entered in this case in Polk County Circuit Court by Judge H. W. Devlin, on June 9, 1981." It also provided: "Attached is a copy of the judgment order appealed from properly certified and showing the date of entry in the trial court." Actually attached was a copy of the trial court's order of June 9, 1981, denying her motion for a new trial. The judgment, as indicated above, was not taken on June 9, but was actually entered on April 27.

■■ In *Stahl,* the defendants' notice of appeal read as follows: "You are notified that an appeal is taken to the Supreme Court of the State of Oregon from the Order Denying Motion for Judgment Notwithstanding Verdict entered herein on September 15, 1977." Attached to the notice was a copy of the order dated September 15, denying the defendants' motion for a judgment notwithstanding verdict. The actual judgment in the case was dated July 19, 1977. In *Stahl* the Supreme Court held that a description in the notice of appeal of the action of the trial court appealed from is jurisdictional. Because the defendants did not give notice that they were appealing from "the judgment or some specified part thereof," ORS 19.029(1)(c), but instead gave notice that the appeal was taken from the order denying the motion for judgment notwithstanding verdict, the Supreme Court dismissed the appeal. An order denying a motion for judgment notwithstanding verdict is not an appealable order. *Stahl v. Krasowski, supra.* In this case, the notice correctly advises plaintiff that the appeal is taken from the judgment, notwithstanding the fact that it gives the wrong date and attaches a copy of the order denying the motion for new trial instead of the judgment, and we find it to be sufficient.

In *Pohrman v. Klamath Co. Comm.,* 272 Or 390, 538 P2d 70 (1975), the Supreme Court reversed this court and overruled three of its own prior decisions by ruling that the requirement of ORS 19.023 that proof of service be endorsed on the notice of appeal or affixed thereto was not jurisdictional. In *Gordon Creek Tree Farms v. Layne et al,* 230 Or 204, 358 P2d 1062, 368 P2d 737 (1962), the Supreme Court held that failure to include in the notice of appeal the

designation of the parts of the proceedings which were to be included in the record on appeal did not deprive the Supreme Court of jurisdiction.

In the present case, defendant's notice of appeal complies with ORS 19.029(1)(c) by giving notice that it is the "judgment" from which the appeal is taken. It is of little moment that the notice recites the wrong date as the date of entry of the judgment. The statute does not require a recitation of the date of entry of the judgment, nor does the statute require that a copy of the judgment be attached to the notice of appeal. This court would not be deprived of jurisdiction if there were no attachment or if no date was given; we are not deprived of jurisdiction by the attachment of a copy of the order denying new trial and the recitation of the wrong date for entry of the judgment.

Defendant's petition for reconsideration of our order of August 13, 1981, dismissing her appeal is allowed; the order dismissing defendant's appeal is reversed and set aside, and her appeal is reinstated.