On plaintiff's motion to reinstate appeal based on ORS 19.190(3) filed September 12,
motion for reconsideration allowed; order dismissing appeal adhered to
December 20, 1995

Janette KENT,
*Appellant,*

*v.*

Norman LINDSTEDT,
David Buono
and Lindstedt and Buono, P.C.,
*Respondents.*

(9407-05244; CA A89615)

908 P2d 833

Appeal from Circuit Court, Multnomah County.

Cynthia C. Eardley for motion.

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Plaintiff moves to reinstate her appeal following our order dismissing the appeal on the ground that it had been taken from a nonappealable event. We construe her motion as a request for reconsideration under ORAP 6.25, allow it and adhere to our original decision dismissing the appeal.

The trial court entered judgment on December 29, 1994. Plaintiff timely filed a motion for a new trial under ORCP 64. For reasons that are not apparent from the record, on January 30, 1995, plaintiff then filed a notice of appeal. Defendants moved to dismiss that appeal, on the ground that it was premature, the trial court not yet having disposed of the new trial motion. Plaintiff then withdrew the motion for a new trial. On May 4, 1995, we issued an order dismissing the appeal as premature. The appellate judgment was issued on June 29, 1995, and was entered in the trial court docket on July 12, 1995.

On August 11, 1995, plaintiff filed a second notice of appeal, which purported to appeal from "the judgment entered * * * on July 12, 1995." Attached to the notice of appeal was a copy of this court's judgment entered on July 12, 1995. On our own motion, we dismissed the appeal on the ground that it had been taken from an appellate judgment, which is not an event from which an appeal to this court may be taken. *Bremner v. Charles*, 315 Or 288, 289, 844 P2d 203 (1993).

Plaintiff argues that, under *Grant County Federal Credit Union v. Hatch*, 98 Or App 1, 777 P2d 1388 (1988), *rev den* 308 Or 592 (1989), a notice of appeal is not jurisdictionally defective merely because it attaches something other than an appealable judgment. She also argues that there is similarly no requirement that the notice of appeal correctly identify the date of the judgment from which the appeal is being taken. Thus, she concludes, her notice of appeal is not defective — or at least not fatally so — and we should reinstate her appeal. Defendants contest plaintiff's motion, arguing that, under *Grant County Federal Credit Union*, defects in a notice of appeal may be disregarded only if the notice affords some basis on which to identify the judgment from which the appeal is being taken. In this case, they argue,

there is no basis for concluding that the appeal was being taken from anything other than the appellate judgment entered on July 12, 1995, which is not appealable. We agree with defendants.

■ ORS 19.029(1)(c) provides that a notice of appeal must include, among other things

"A notice to all parties or their attorneys as have appeared in the action or proceedings that an appeal is taken *from the judgment* or some specified part thereof * * *."

(Emphasis supplied.) To satisfy that statutory requirement, the appeal must be taken from an appealable judgment, and the notice must contain enough information reasonably to apprise the adverse parties of that fact. In *Stahl v. Krasowski*, 281 Or 33, 573 P2d 309 (1978), for example, the defendants' notice of appeal stated that the appeal was being taken from an order denying a motion for judgment notwithstanding the verdict. Attached to the notice was a copy of that order. Nowhere did the notice refer to an appealable judgment. The Supreme Court dismissed the appeal, holding:

"If anything within the notice of appeal is jurisdictional, * * * it must be a description of what action of the trial court is appealed from, because, other than the title of the case, that is the most important thing which the notice contains."

*Id.* at 39.

In contrast, in *Werline v. Webber*, 54 Or App 415, 635 P2d 15 (1981), *rev den* 292 Or 450 (1982), the defendant's notice of appeal stated that the appeal was being taken from a judgment, but attached to the notice was a copy of a nonappealable order. Distinguishing *Stahl*, we held that the notice fairly informed the plaintiff that the subject of the appeal was the trial court's judgment, even if the defendant had attached the wrong document. *Id.* at 418. Similarly, in *Ensley v. Fitzwater*, 293 Or 158, 645 P2d 1062 (1982), the plaintiff's notice of appeal stated that the appeal was being taken from an order granting the defendant's motion for summary judgment. The notice also stated, however, that a copy of the "judgment" from which the appeal was being taken was attached, and the document that was attached was the actual judgment of the trial court. The Supreme Court reaffirmed the requirement articulated in *Stahl* that a notice of appeal

describe an appealable judgment. Nevertheless, it held that the plaintiff's notice was adequate because it did refer to the proper judgment both in the body of the notice and in the attachment. *Id.* at 162.

In that context, we consider plaintiff's reliance on our more recent decision in *Grant County Federal Credit Union*. In that case, the defendants' notice of appeal referred to a "judgment" of the trial court, but it identified the wrong date for the judgment. Attached to the notice was a copy of an unappealable order, not a judgment. Compounding the problem was the fact that there were a number of different parties to the action, and the trial court had entered multiple judgments. Nevertheless, we found the notice of appeal to be "minimally adequate." We held that, because the sole adverse party identified in the notice of appeal was named in only one of the judgments entered by the trial court, "it is possible here to determine from which judgment the appeal is taken." *Id.* at 6 n 4.

■        In this case, two judgments have been entered into the trial court record: the trial court's judgment of December 29, 1994, and the appellate judgment entered July 12, 1995. The only judgment mentioned on the face of the notice of appeal is the appellate judgment entered on July 12, 1995; it is, in fact, specifically identified by date of entry. The only judgment that is attached to the notice is the appellate judgment entered on July 12, 1995. Unlike *Werline, Ensley* and *Grant County Federal Credit Union*, in this case, there is no way to determine that plaintiff really intended to appeal from any judgment other than the one she specifically mentioned and attached to her notice. To the contrary, this case is more analogous to *Stahl*, in that there is nothing in the notice of appeal that refers to an appealable judgment. We conclude, therefore, that plaintiff's appeal was properly dismissed.

Motion for reconsideration allowed; order dismissing appeal adhered to.