Submitted on record and briefs March 29, vacated in part; otherwise affirmed July 31, 1996, petition for review denied February 18, 1997 (324 Or 654)

# STATE OF OREGON,
*Respondent,*

*v.*

# DOUGLAS ALFRED ETCHISON,
*Appellant.*

## (91-3476-C-2; CA A77048)

921 P2d 1333

Douglas A. Etchison filed the briefs *pro se* for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Kaye E. Sunderland, Assistant Attorney General, filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

In a twenty-four count indictment, defendant was charged with seven counts of attempted murder, ORS 163.115; one count of assault in the first degree, ORS 161.405; ORS 163.185; six counts of attempted assault in the first degree, ORS 163.185; seven counts of menacing, ORS 163.190; two counts of criminal mischief, ORS 164.365; and one count of carrying a dangerous weapon with intent to use it, ORS 166.220. A jury found defendant guilty on all counts. He appeals the convictions and the restitution imposed. We affirm the convictions and vacate the order of restitution.

The charges arose from an event that occurred around midnight on November 8, 1991. Defendant and his family lived in a rural setting in Jackson County. For several weeks, defendant had received obscene and threatening phone calls, and, on November 8, he received calls that made him think that the callers knew where he lived and that they intended to "get him" that night. On that evening, seven boys between the ages of 16 and 19 were drinking beer and moonshine at a friend's house in Shady Cove. They left the house in a Honda and a Blazer, intending to find a party at the Henson's house, which was on the same road as defendant's home. While looking for the party, Todd, who was driving the Honda, saw lights and several vehicles at one house. He also saw a mailbox with "s-o-n" on it and decided that he must have found the party. Todd told his friends in the Blazer. He headed up defendant's driveway with the Blazer following. As the cars entered the driveway, defendant opened fire, and within two or three minutes, defendant fired 14 rounds from a .22 rifle. While the boys were trying to get the cars off the property, Todd was shot twice in the back.

The persons who made the phone calls were subsequently caught. They were all boys between the ages of 12 and 18. None of the boys at whom defendant shot had made the calls or had any connection with the calls. The jury rejected defendant's contention that he acted in self-defense.

Defendant's only assignment of error related to his convictions is that the trial court erred in denying his motion to reinstruct the jury after the jury accidentally erased the

tape recorded instructions that had been sent to the jury room. The court stated:

> "I sent a tape recording in to the jury to listen to. They apparently listened through it once as has been reported to me. And in the process of listening it [*sic*] to it, they managed to erase the entire tape. They sent word out they couldn't get it to play. I checked it and found it to be entirely erased. And they said what they wanted—sent word back what they wanted was simply an instruction on attempted murder. So I have submitted them a written instruction on attempted murder at this time in writing, and both counsel have had an opportunity to look at the instruction and have made no objection to that particular instruction. It's the one I gave them on the tape as well as in my oral instructions."

Defendant argues that, under ORCP 59 B,[1] he had the "right" to have all the jury instructions available for use by the jury during the entire deliberations and that the trial court had no discretion to refuse to make all the instructions available. The state does not dispute that a trial court does not have discretion not to comply with ORCP 59 B. The state argues, however, that nothing in ORCP 59 B requires the jury to have a complete set of instructions at all times during its deliberations. It contends that ORCP 59 B should be read in conjunction with ORCP 59 D[2] on reinstructing the jury and that the propriety of the court's decision whether the jury

---

[1] ORCP 59 B provides:

"In charging the jury, the court shall state to them all matters of law necessary for their information in giving the verdict. Whenever the knowledge of the court is by statute made evidence of a fact, the court shall declare such knowledge to the jury, who are bound to accept it as conclusive. If either party requires it, and at commencement of the trial gave notice of that party's intention so to do, or if in the opinion of the court it is desirable, the charge shall either be reduced to writing, and then read to the jury by the court or recorded electronically during the charging of the jury. The jury shall take such written instructions or recording with it while deliberating upon the verdict and then return the written instructions or recording to the clerk immediately upon conclusion of its deliberations. The clerk shall file the written instructions or recording in the court file of the case."

[2] ORCP 59 D provides:

"After retirement for deliberation, if the jury requests information on any point of law, the judge may require the officer having them in charge to conduct them into court. Upon the jury being brought into court, the information requested, if given, shall be given either orally or in writing in the presence of, or after notice to, the parties or their counsel."

should be provided with a second copy of the tape recorded instruction should be reviewed for abuse of discretion. *See State v. Looper*, 76 Or App 231, 708 P2d 1109 (1985), *on recons* 77 Or App 660, 662, 713 P2d 1099 (1986) (by making recorded instructions available to the jury in the courtroom during deliberation, trial court complied with ORCP 59 B). It argues that the trial court did all that was required of it when it submitted the tape recorded instructions and that the court did not abuse its discretion when it reinstructed the jury on attempted murder, as the jury had requested.

Defendant argues, however, that "reinstruction" is not the issue. His position is that by providing for all the instructions to be before the jury, ORCP 59 B creates the "concept of abstract deliberative environment * * * wherein the jury has free use of the instructions without emphasis from any other entity." Defendant likens that environment to placing before the jury "a bowl of cherries, for the jury's use or nonuse, at its pleasure without outside influence, pressure, or emphasis." He contends that, because no one knows "whether the jury finds meaning in an instruction while searching for another instruction," the jury's failure here to have all the instructions during its entire deliberations deprived him of a "fair chance."

A claim of error in complying with ORCP 59 B requires a more concrete showing than defendant makes. In *Eck v. Market Basket*, 264 Or 400, 505 P2d 1156 (1973), written instructions had been given to the jury pursuant to *former* ORS 17.255(2), the predecessor of ORCP 59 B. The instructions contained "crossed out" portions that had not been read to the jury, but which were still legible. The court did not find that providing the jury with written instructions that were not identical to the oral instructions was error as a matter of law. The court acknowledged a possibility that interlineations or deletions could be a ground for reversal, but, comparing the oral and written instructions before it, the court could not find "a substantial basis" for assuming that the jury had read the deleted portions of the instructions or had been confused and prejudiced by the instructions.

■ Likewise, here, we are unable to conclude that failing to provide the jury with a second complete set of instructions

confused or misled the jury and prejudiced it against defendant.[3] The court initially complied with ORCP 59 B, providing the jury with an electronic recording of all the instructions as defendant requested. When the jury erased the tape, apparently after having listened to the instructions, but wanted to have the instruction on attempted murder, the court reinstructed the jury. Defendant does not claim that the reinstruction did not accurately restate the original instruction. In short, there is no basis from which to conclude that the trial court's refusal to provide the jury with a second complete set of instructions destroyed the "deliberative environment" and thereby misled and confused the jury to defendant's prejudice. There was no error.

Defendant next assigns error to the award of restitution. On September 14, 1992, the court entered 24 judgments of conviction. The judgment on Count I ordered defendant to pay restitution to several named victims. In response to a letter from defendant's counsel, on October 9, the court entered an amended judgment on Count I that did not order restitution. On October 13, defendant filed a notice of appeal attaching the 24 judgments entered on September 14. The notice of appeal also stated that it was from the September 14 judgment.

On October 22, the court entered an order setting aside the October 9 amended judgment, stating that "the original Judgment requiring restitution remain[s] in effect." On November 16, defendant filed an amended notice of appeal "to include the amended judgment entered October 9, 1992." Finally, on November 30, defendant filed a notice of appeal from the order setting aside the amended judgment.[4]

Defendant contends that the trial court lacked jurisdiction to enter the October 22 order setting aside the

___

[3] Defendant contends that if the jury had been reinstructed on all the instructions, there was more than a little likelihood that the verdict would have been different. He argues how the jury could have interpreted the evidence in the light of the instructions. The state points to evidence from which the jury could decide as it did. The arguments are "jury" arguments and do not demonstrate how failure to have the instructions before it a second time resulted in the jury's finding against defendant.

[4] By that date, defendant was representing himself, and we granted his motion to file a delayed appeal. ORS 138.071(4).

amended judgment and reinstating restitution. He argues that the October 22 order was entered after he had filed his notice of appeal and, therefore, the trial court was without jurisdiction. The state contends that defendant's original notice of appeal was from a judgment that did not have "legal effect" because, by the time the original notice of appeal was filed, the amended judgment had been filed.

There is no jurisdictional requirement that a notice of appeal attach the judgment or other document that is being appealed or even that the notice of appeal contain the correct recitation of the date of entry of the judgment. *Werline v. Webber*, 54 Or App 415, 635 P2d 15 (1981), *rev den* 292 Or 450 (1982). What the notice must contain is enough information reasonably to apprise the adverse parties that an appeal is being taken from an appealable judgment. *Kent v. Lindstedt*, 138 Or App 316, 319, 908 P2d 833 (1995).

*Grant County Federal Credit Union v. Hatch*, 98 Or App 1, 777 P2d 1388, *rev den* 308 Or 592 (1989), was an appeal from a case in which there were multiple parties, and the trial court had entered multiple judgments. The notice of appeal, however, attached a copy of an unappealable order and identified the wrong date for the judgment. Nonetheless, we held that the notice was jurisdictionally adequate. The notice contained "some intelligible reference" to the judgment being appealed because it identified the proper adverse party. *Id.* at 6 n 4.

Here, the notice of appeal refers to the judgment being appealed at least as clearly as did the one that we found "minimally adequate" in *Grant County*: It identified the adverse party and the case being appealed. That the amended judgment on Count I was not attached along with the other judgments that had been entered at that time was not a jurisdictional defect.

The notice of appeal was filed and served on October 14. From that date, jurisdiction of the cause was in the Court of Appeals, not the trial court. ORS 19.033(1). Defendant is correct that the trial court did not have jurisdiction to enter the October 22 order setting aside the amended judgment on Count I.

October 22, 1994, order setting aside amended judgment and reinstating restitution vacated; otherwise affirmed.