Submitted on record and briefs October 3, 2002, reversed and remanded with instructions October 22, 2003

### Claudia CRAINIC,
*Respondent,*

*v.*

### MULTNOMAH COUNTY ADULT CARE HOME PROGRAM,
*Appellant.*

0009-09291; A113907

78 P3d 979

————————————

Patrick W. Henry, Assistant County Attorney, and Thomas Sponsler, County Attorney for Multnomah County, filed the briefs for appellant.

Carson Bowler, Mario J. Madden, and Schwabe, Williamson & Wyatt, P.C., filed the brief for respondent.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.*

DEITS, C. J.

————————————

* Wollheim, J., *vice* Warren, S. J.

**DEITS, C. J.**

Appellant, Multnomah County Adult Care Home Program (program), appeals the trial court's judgment in a writ of review proceeding. The trial court reversed the decision of a hearing officer[1] that had upheld an administrative imposition of a $250 fine against plaintiff for violation of Multnomah County's administrative rule governing the licensing and operation of adult foster care homes in the county. We conclude that the trial court erred in reversing the hearing officer's decision.

Plaintiff first raises two issues concerning this court's jurisdiction to hear the appeal. Plaintiff argues that we do not have jurisdiction of the appeal because it is taken from a nonappealable judgment. The program's notice of appeal states that the appeal is from "the judgment entered in this case on March 9, 2001." There were, in fact, two judgments entered on that date in this case: the judgment allowing the writ of review and reversing the hearing officer's decision and the money judgment for costs. A copy of the money judgment was attached to the notice of appeal, but the judgment allowing the writ of review was not.

■■ Plaintiff argues that the notice of appeal is insufficient to give this court jurisdiction because it does not identify an appealable judgment. It is plaintiff's position that the money judgment was the only judgment identified in the notice of appeal and that it is not appealable. Plaintiff further contends that there is nothing in the notice of appeal that could be understood to indicate that the program was appealing from the judgment allowing the writ of review. Plaintiff argues that, because the notice of appeal fails to identify any appealable judgment, this court lacks jurisdiction to hear this appeal.

We hold that the notice of appeal identifies an appealable judgment and that, in fact, this court has jurisdiction to review both of the judgments entered on March 9,

---

[1] Adult foster care home operators may appeal the imposition of a fine by the program to an independent hearing officer. Multnomah County Administrative Rule (MCAR) 891-300-814. The program contracts with the City of Portland to conduct such hearings on its behalf.

2001. First, with respect to the money judgment, we do not agree with plaintiff that it is not an appealable judgment. ORS 20.220 provides that an appeal may be taken from a judgment issued pursuant to ORCP 68 C(4) allowing or denying costs or attorney fees. The money judgment for costs was an appealable judgment that was adequately described in the notice of appeal and the attachment to give this court jurisdiction. We also conclude that the writ of review judgment, which plaintiff does not dispute was an appealable judgment, was sufficiently identified in the notice of appeal to give this court jurisdiction.

■ Plaintiff also argues that the appeal is jurisdictionally defective because the notice of appeal does not give notice as required by ORS 19.250(1)(c)[2] that the appeal is taken "from the judgment." Plaintiff asserts, relying on *Kent v. Lindstedt*, 138 Or App 316, 908 P2d 833 (1995), that the notice of appeal must contain enough information to reasonably apprise the adverse party that the appeal is taken from an appealable judgment. In plaintiff's view, the reference to a judgment entered on March 9, 2001, and the attachment of only the money judgment for costs, and not the judgment that allows the writ of review and reverses the hearing officer's decision, did not sufficiently inform the adverse parties that the appeal was taken from an appealable judgment. Because of that, plaintiff asserts that the appeal should be dismissed for lack of jurisdiction.

■ We conclude, however, that the notice of appeal was sufficient to give this court jurisdiction. The determining factor is whether the notice of appeal contained enough information to reasonably apprise the adverse party that the appeal was taken from an appealable judgment. In *Werline v. Webber*, 54 Or App 415, 635 P2d 15 (1981), *rev den*, 292 Or 450 (1982), the notice of appeal gave the wrong date for the judgment and attached to the notice of appeal a copy of the trial court's order denying a motion for new trial, rather than the judgment. Despite those deficiencies, we held that the notice was sufficient to give this court jurisdiction because the text of the notice of appeal stated that it was "from the

---

[2] Plaintiff refers to *former* ORS 19.029(1)(c) (1995), which was renumbered ORS 19.250(1)(c) in 1997.

judgment entered in this case in Polk County Circuit Court by Judge H. W. Devlin[.]" *Id.* at 418 (internal quotation marks omitted). We explained:

> "In the present case, defendant's notice of appeal complies with [*former*] ORS 19.029(1)(c) by giving notice that *it is the 'judgment' from which the appeal is taken.* It is of little moment that the notice recites the wrong date as the date of entry of the judgment. The statute does not require a recitation of the date of entry of the judgment, nor does the statute require that a copy of the judgment be attached to the notice of appeal. This court would not be deprived of jurisdiction if there were no attachment or if no date was given; we are not deprived of jurisdiction by the attachment of a copy of the order denying new trial and the recitation of the wrong date for entry of the judgment."

*Id.* at 419 (emphasis added).

Similarly, in *Kent*, we held that the critical question was whether the notice of appeal sufficiently identified an appealable judgment. 138 Or App at 320. In *Kent*, the trial court entered a judgment on December 29, 1994. The plaintiff timely filed a motion for new trial. The plaintiff then filed a notice of appeal. We dismissed the appeal as premature because the trial court had not yet disposed of the motion for new trial. The appellate judgment dismissing the case was entered in the trial court docket on July 12, 1995. On August 11, 1995, the plaintiff filed a notice of appeal, which stated that the appeal was from "the judgment entered * * * on July 12, 1995." *Id.* at 318 (internal quotation marks omitted). Attached to the notice of appeal was this court's appellate judgment entered on July 12, 1995. We held that, in those circumstances, there was simply nothing in the text of the notice of appeal or the attachments from which an adverse party could reasonably infer that the appeal was taken from an appealable judgment, namely the trial court's judgment. *Id.* at 320. Accordingly, we dismissed the plaintiff's appeal.

In this case, the text of the notice of appeal refers to the "judgment entered in this case on March 9, 2001, by Judge Douglas G. Beckman in the Multnomah County Circuit Court." As discussed above, both judgments were appealable and were entered on that date. Because the notice of

appeal could reasonably be read to apply to both judgments, plaintiff appealed from both and may assign error to either judgment. There is no question here that the appeal is from an appealable judgment. Accordingly, this court has jurisdiction of this appeal.

■ Plaintiff next argues that the lack of specificity of the notice, taken together with the attachment of only the money judgment, creates an ambiguity that deprives this court of jurisdiction to review the judgment allowing the writ of review and reversing the hearing officer's decision. As we have previously recognized, however, attaching a copy of the judgment, although required by our rules, ORAP 2.05(11), for administrative convenience, is not a jurisdictional requirement. *Werline*, 54 Or App at 419. Had the program not attached a copy of any judgment to the notice of appeal, or had the program attached a copy of a nonappealable judgment, under our case law, the notice would not have been jurisdictionally defective because the text of the notice sufficiently identified an appealable judgment. *See Smith and Koors*, 149 Or App 198, 203, 942 P2d 807 (1997) ("A notice of appeal is not jurisdictionally defective because it attaches the wrong document or incorrectly identifies the date of the proper judgment if there is in fact a final judgment."). It follows that the attachment to the notice of appeal of a copy of only one of two judgments entered on March 9, 2001, does not render the notice of appeal jurisdictionally defective as to the other. For the above reasons, the notice of appeal was sufficient to apprise plaintiff that the appeal was from an appealable judgment, and, consequently, we have jurisdiction to review both judgments.

■ Plaintiff finally argues that this court lacks jurisdiction to hear this appeal because the amount at issue, a $250 fine, does not meet the minimum amount required for our jurisdiction under ORS 19.205(3). That statute provides:

"No appeal to the Court of Appeals shall be taken or allowed in any action for the recovery of money or damages only unless it appears from the pleadings that the amount in controversy exceeds $250."

We conclude, however, that ORS 19.205(3) is not applicable here because this is not an action to recover "money or damages only." Rather, this is a petition for review of an administrative decision determining that plaintiff violated the program's rules governing the operation of adult foster care homes and imposing a penalty for the violation. In summary, for the above reasons, the notice of appeal was sufficient to give this court jurisdiction to review both judgments.

As noted, plaintiff is a licensed operator of an adult foster care facility in Multnomah County. On May 22, 2000, the program sent a notice advising plaintiff that she had violated MCAR 891-050-512, 891-050-527, 891-050-527, and 891-050-910. Those rules require that, before an employee of an adult foster care facility can provide care and be left alone with residents of the facility, the person must meet certain training requirements relating to health and safety. The notice informed plaintiff that a representative of the agency had visited the foster care facility and had found that the only person in the home was Maria Varga, an employee who did not qualify, under the administrative rules, as a caregiver because she did not have the requisite training. The notice also informed plaintiff that the county was imposing a $250 fine based on the violations.[3] It also informed plaintiff that she had the right to seek a hearing regarding the sanction.

Plaintiff requested a hearing, which was held on July 13, 2000. After the hearing, the hearing officer upheld the program's determination that a violation had occurred, as well as its imposition of a $250 fine. Plaintiff then filed a petition for a writ of review in the trial court, contending that the hearing officer's "determination and conclusions of fact were not supported by substantial evidence in the record and/or improperly construed the applicable law." The trial court concluded that the hearing officer's findings were not supported by substantial evidence in the whole record. Consequently, it reversed the hearing officer's decision and ordered that the case against plaintiff be dismissed.

---

[3] The notice also advised plaintiff of a second violation concerning required visits by a nurse consultant or physician, for which she was given a written warning. She did not seek review of that violation or sanction.

■ The program appeals the trial court's decision. In its single assignment of error, it argues that the trial court erred in concluding that the findings and order of the hearing officer were not supported by substantial evidence and, consequently, that the court erred in concluding that plaintiff did not violate the program's rules and in reversing the imposition of the sanction against plaintiff.

Under ORS 34.040(1), the circuit court must allow the writ if the tribunal or officer whose action is being reviewed appears to have:

"(a) Exceeded its jurisdiction;

"(b) Failed to follow the procedure applicable to the matter before it;

"(c) Made a finding or order not supported by substantial evidence in the whole record;

"(d) Improperly construed the applicable law; or

"(e) Rendered a decision that is unconstitutional."

As we explained in *Johnson v. Civil Service Board*, 161 Or App 489, 985 P2d 854 (1999), each of the paragraphs of ORS 34.040(1) serves as a "trigger" for the issuance of the writ, and each of the triggers "ultimately rest[s] on legal determinations—*e.g.*, whether there is jurisdiction, whether the decision was unconstitutional, etc. Even the determination of whether a finding or order was supported by substantial evidence is circumscribed by legal principles." *Id.* at 498 (citation omitted).

■■ The criteria set out in ORS 34.040(1) also constitute the legal standards that the circuit court is to apply in determining whether to affirm, modify, or reverse the action of the tribunal or officer whose action is being reviewed. ORS 34.100; *see Landsing Prop. v. City of Portland Fire Code Board*, 94 Or App 154, 156, 764 P2d 616 (1988); *Caffey v. Lane County*, 75 Or App 399, 401-02, 706 P2d 590 (1985). We review the circuit court's action in a writ of review proceeding applying the same standards that the circuit court applies to the action of the tribunal or officer. *See* ORS 34.100.[4] In this

---

[4] ORS 34.100 provides:

case, we review as a question of law whether the hearing officer's findings and order were supported by substantial evidence.

In this case, the trial court allowed the writ of review and reversed the decision of the hearing officer on the ground that the "findings and order made by the Hearing Officer * * * were not supported by substantial evidence in the whole record." The program argues to us that the trial court erred in that determination. Thus, on review, the question before us is whether there is substantial evidence in the whole record to support the hearing officer's findings and order. If there is, the trial court erred in setting aside the hearing officer's findings and order. *See Menges v. Bd. of Comm.*, 290 Or 251, 264, 621 P2d 562 (1980).

■ In a writ of review proceeding, substantial evidence in the record exists to support a finding when the record, viewed as a whole, would permit a reasonable person to make that finding. *Associated Builders and Contractors v. Tri-Met*, 170 Or App 271, 285, 12 P3d 62 (2000). After reviewing the record in this case, we conclude that the hearing officer's findings were supported by substantial evidence in the whole record.

As noted above, the administrative rules that respondent allegedly violated require a caregiver to meet certain training and safety qualifications before being left alone with a resident of an adult care facility. The hearing officer found that those rules were violated because an employee, Varga, who was not qualified to be left alone as a caregiver, was observed alone in the facility, and because she provided care to a resident. The hearing officer found:

"The County's witness, Ms. Robinson, testified that she was present when a resident of the home requested assistance in using the commode. She further testified that she observed Ms. Varga enter the resident's room in response to

"Upon the review, the court shall have power to affirm, modify, reverse or annul the decision or determination reviewed, and if necessary, to award restitution to the plaintiff, or to direct the inferior court, officer, or tribunal to proceed in the matter reviewed according to its decision. From the judgment of the circuit court on review, an appeal may be taken in like manner and with like effect as from a judgment of a circuit court in an action."

that request, close the room door, and emerge some time later. Ms. Robinson further testified that she observed only the resident present in the room prior to the time Ms. Varga entered it. Under these circumstances, the conclusion that Ms. Varga did, indeed, provide assistance to the resident in using the commode is both reasonable and inescapable.

"Assistance rendered to a resident in using the commode would constitute 'assistance with the activities of daily living' and, as such, would constitute providing care under the definitions section of the Multnomah County Administrative Rules."

(Footnote omitted.) The hearing officer also found that "I am convinced that the County's version of the events which transpired on May 5, 2000, [is] ultimately more credible."

The evidence in the whole record supports the above findings. At the hearing, Robinson, who is a program monitor, testified that she conducted an unannounced visit to respondent's care facility in May 2000. She said that when she arrived at the home, she was met by Varga, who was a cook in the facility and, by her admission, was not a qualified caregiver. When Robinson asked to see the facility operator, Varga told her that the operator was taking a shower in the basement. Varga took Robinson to that part of the house, but Robinson testified that there was no one there. According to Robinson, they then returned upstairs and walked down a hallway where the residents' rooms were located. Robinson said that she looked into one of the rooms and saw an elderly resident who appeared to be unsteady, attempting to get out of her chair. Robinson observed that the resident was alone in the room. Robinson testified that the resident asked for help in using the bathroom and that Varga then went in the room and closed the door. Following that incident, Robinson said that she continued to look for the facility operator. She said that eventually she saw plaintiff coming in the back door of the house and that she was dressed in jogging clothing and appeared to be out of breath. Robinson testified that plaintiff told her that she had just jumped over the fence and that she had been in a nearby shed.

Plaintiff also testified at the hearing. She testified that she was not outside the home at the time that Robinson

arrived and observed the resident alone in her room. Rather, she said that she was hiding in the resident's room for the purpose of secretly videotaping Robinson's visit. She testified that she had communicated nonverbally with Varga to come in the room and shut the door and that it was she, and not Varga, who had assisted the resident in going to the bathroom. Plaintiff was asked by the program to provide the videotape. At the hearing, however, she stated that she could not produce the videotape because her children had taped over the footage that she had taken of the disputed incident with the resident.

As noted above, the hearing officer expressly found the program's version of the events to be more credible than plaintiff's. Plaintiff does not challenge that credibility finding. Rather, plaintiff argues that the trial court was correct in its determination that there was not substantial evidence to support the hearing officer's findings because the only evidence supporting the hearing officer's findings was "a hearsay statement and an inference." She argues that there was no direct evidence that Varga did, in fact, assist the resident and that it was not reasonable for the hearing officer to infer from the evidence in the record that Varga provided care to the resident. The trial court agreed with plaintiff on this point, holding that there was not substantial evidence because there were a number of different inferences that could be drawn from the evidence as to what happened in the resident's room. The trial court reasoned that drawing one inference, as the hearing officer did, was completely speculative.

■■ We do not agree with plaintiff that the inference drawn by the hearing officer that Varga provided care to the resident when she went in the room was impermissible. It is well established that reasonably drawn inferences may constitute substantial evidence. As the Supreme Court explained in *City of Roseburg v. Roseburg City Firefighters*, 292 Or 266, 271, 639 P2d 90 (1981):

> "The substantial evidence rule is not entirely dispositive in reviewing findings which embody inferences. An inference has two parts: a primary fact plus a deduction.

The evidence directly establishes only the truth of the primary fact or facts from which an inference may be derived * * *. Rational bases may exist for more than one inference to be drawn from the same primary fact, and the factfinder (*i.e.*, the agency) has the task to decide which one to draw. *The court does not substitute its judgment as to which inference should be drawn, but it must review for the existence of a rationale.* The rationale is reviewed for soundness, not for conformity to judicial preference. Judicial review of an inference is thus in two stages: (1) whether the basic fact or facts are supported by substantial evidence, and (2) whether there is a basis in reason connecting the inference to the facts from which it is derived. It is a twofold review for substantial evidence and, in a sense, for 'substantial reason.' "

(Emphasis added.) *See also Dennis v. Employment Div.*, 302 Or 160, 169-70, 728 P2d 12 (1986).

Here, the basic facts underlying the inference drawn by the hearing officer that Varga provided care to the resident are supported by substantial evidence. As discussed above, Robinson testified that she saw the resident alone in the room unsteadily attempting to get up, that she heard the resident ask for help in going to the bathroom, and that Varga then went in the room and shut the door. A reasonable person could deduce from those facts that Varga had assisted the resident. The fact that other inferences could possibly be drawn does not allow the trial court or this court to substitute its judgment for that of the hearing officer so long as there is a basis in reason to support that inference. We conclude that the inference drawn by the hearing officer was reasonable.

Plaintiff also argues that one of the basic facts supporting the hearing officer's finding is based only on hearsay evidence: namely, the fact that the resident asked for help. Plaintiff reasons that, because that finding is supported only by hearsay evidence, there is not substantial evidence to support it. However, the evidence that plaintiff characterizes as hearsay—the fact that the resident asked for assistance in going to the bathroom—is not hearsay. The evidence was not offered to prove that the resident, in truth, needed to use the bathroom. Rather, it was offered as evidence of a verbal act of

the resident that precipitated Varga's act of providing unauthorized care. Because the evidence is not hearsay, it is unnecessary to analyze whether it could constitute substantial evidence.

In summary, for all of the above reasons, the trial court erred in holding that the hearing officer's findings and order were not supported by substantial evidence. Accordingly, we reverse the trial court's judgment.

Reversed and remanded with instructions to reinstate hearing officer's order.